**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY COLEMAN,** | : | Civil Action No. 25-4325 |
| **7220 Alderbrook Road, Apartment D** | : | |
| **Upper Darby, PA 19082** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **PROJECT HOME,** | : | |
| **2826 W Diamond Street** | : | |
| **Philadelphia, PA 19121** | : | |
| | : | |
| **1415 Fairmount Avenue, Suite 241** | : | |
| **Philadelphia, PA 19130** | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Anthony Coleman (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Project HOME (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is a non-profit organization with a location at 2826 W Diamond Street, Philadelphia, PA 19121 and with a corporate headquarters located at 1415 Fairmount Avenue, Suite 241, Philadelphia, PA 19130.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, the PHRA and the PFPO.

13. On or about December 25, 2024, Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination, sexual harassment and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2025-02374 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 1, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is male.

21. On or about May 25, 2024, Defendant hired Plaintiff in the position of Maintenance Technician.

22. Plaintiff was well qualified for his position and performed well.

23. In or around the end of September 2024, Matt McGraff, Director, instructed Plaintiff to follow him around Defendant.

24. McGraff took Plaintiff into each room of Defendant to "show [Plaintiff] which residents had dildos in their rooms."

25. McGraff laughed about this.

26. Plaintiff stated that this was weird, openly expressing his discomfort to his sexual harassment.

27. However, Plaintiff did not report the incident because there was nobody above McGraff as Director that Plaintiff knew of to report the conduct to.

28. In or around early October 2024, Plaintiff applied to become a full-time employee at Defendant by filling out all necessary paperwork.

29. Plaintiff gave the paperwork to McGraff.

30. McGraff continued to "process" the paperwork for the next week.

31. On or about October 8, 2024, the Philadelphia Housing Authority conducted an inspection at Defendant.

32. Stacy Gonzalez (female), Building Manager, informed Plaintiff that a toilet was broken at Defendant just before the inspection occurred.

33. However, Plaintiff went to check on the toilets and none were broken.

34. Plaintiff asked Gonzalez why she made up that the toilet was broken right before the inspection.

35. Gonzalez then accused Plaintiff of yelling at her about the toilet.

36. This was false.

37. Plaintiff told Gonzalez that he was just asking her a question.

38. Later that day, McGraff called Plaintiff and abruptly terminated him.

39. McGraff claimed that Plaintiff called Gonzalez a clown and was "inconsiderate" to Gonzalez.

40. This was not accurate.

41. However, McGraff never conducted an investigation into the incident or asked Plaintiff what had happened prior to terminating him.

42. McGraff simply believed Gonzalez.

43. Further, McGraff stated that if Plaintiff was a full-time employee by then he would have just received a written disciplined instead of termination.

44. However, McGraff stated that he was still not done processing the full-time employment paperwork.

45. Defendant discriminated against Plaintiff based on his sex, subjected Plaintiff to sexual harassment, and retaliated against Plaintiff for engaging in opposition conduct in violation of Title VII, the PHRA and the PFPO.

## COUNT I – SEX DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff is a member of protected classes in that he is male.

48. Plaintiff was qualified to perform the job.

49. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

50. Circumstances exist related to the above-cited employment actions that give rise to an inference of discrimination.

51. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

52. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

53. Plaintiff was terminated from Defendant.

54. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

55. Defendant's conduct was willful or with disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – SEX DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a member of protected class in that he is male.

58. Plaintiff was qualified to perform the job.

59. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

60. Circumstances exist related to the above-cited employment actions that give rise to an

inference of discrimination.

61. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

62. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

63. Plaintiff was terminated from Defendant.

64. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – SEX DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a member of protected class in that he is male.

67. Plaintiff was qualified to perform the job.

68. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

69. Circumstances exist related to the above-cited employment actions that give rise to an inference of discrimination.

70. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

71. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

72. Plaintiff was terminated from Defendant.

73. As a result of Defendant's unlawful sex discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

74. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

75. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of his membership in a protected class – male.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable man in Plaintiff's position.

76. The unlawful employment practices outlined above were intentional.

77. Plaintiff suffered tangible employment actions as alleged herein.

78. Defendant knew or reasonably should have known of the sexual harassment.

79. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

80. Defendant's acts and/or omissions were willful or performed with reckless disregard to his federal statutory rights.

81. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PENNSYLVANIA HUMAN RELATIONS ACT

82. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

83. The foregoing conduct created a sexually hostile work environment for Plaintiff.

84. Plaintiff suffered intentional discrimination because of his sex.

85. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

86. The discrimination detrimentally affected Plaintiff.

87. Plaintiff suffered tangible employment actions as alleged herein.

88. The discrimination would detrimentally affect a reasonable man in Plaintiff's position.

89. Defendant knew or reasonably should have known of the sexual harassment.

90. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

91. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PHILADELPHIA FAIR PRACTICES ORDINANCE

92. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

93. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

94. The foregoing conduct created a sexually hostile work environment for Plaintiff.

95. Plaintiff suffered intentional discrimination because of his sex.

96. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

97. The discrimination detrimentally affected Plaintiff.

98. Plaintiff suffered tangible employment actions as alleged herein.

99. The discrimination would detrimentally affect a reasonable man in Plaintiff's position.

100. Defendant knew or reasonably should have known of the sexual harassment.

101. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

102. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

103. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

104. Plaintiff engaged in activity protected by Title VII when he opposed sexual harassment from his superior.

105. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

106. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

107. Defendant's conduct was willful or with disregard to Plaintiff's federally protected statutory rights.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

108. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

109. Plaintiff engaged in activity protected by the PHRA when he opposed sexual harassment from his superior.

110. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

111. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IX – RETALIATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

112. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

113. Plaintiff engaged in activity protected by the PFPO when he opposed sexual harassment from his superior.

114. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

115. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Anthony Coleman, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b) Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PHRA and the PFPO.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 30, 2025    By:    */s/ David M. Koller*
David M. Koller, Esquire (Pa 90119)
Jordan D. Santo, Esquire (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*